UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10279-CIV-KMW

PETER SEAN BROWN,

    Plaintiff,

v.

RICHARD A. RAMSAY, in his official
capacity as Sheriff of Monroe County,

    Defendant.
_____/

## DEFENDANT SHERIFF'S ANSWER/AFFIRMATIVE DEFENSES TO COMPLAINT

    The Defendant, RICHARD A. RAMSAY, Sheriff of Monrie County, Florida, through his undersigned attorneys, files this his Answer/Affirmative Defenses to the Complaint and in support thereof would state as follows:

### INTRODUCTION

    1.    Denied.

    2.    Denied.

    3.    Denied.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

## JURISDICTION AND VENUE

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

## PARTIES

13. Without knowledge and strict proof thereof is demanded.

14. It is admitted that the Defendant Ramsay is, and was at all times material, the Sheriff of Monroe County, Florida. All of the rest and remainder of the allegations contained in Paragraph 14 are denied.

## BACKGROUND

15. Without knowledge and strict proof thereof is demanded.

16. Without knowledge and strict proof thereof is demanded.

17. Without knowledge and strict proof thereof is demanded.

18. It is admitted that the Plaintiff Brown was arrested for a violation of probation. The Defendant Sheriff is without knowledge as to the remainder of the allegations contained in Paragraph 18 and strict proof thereof is demanded.

19. Admitted.

20. Admitted.

21. Admitted.

22. Without knowledge and strict proof thereof is demanded.

23. Without knowledge and strict proof thereof is demanded.

24. Denied.

25. Without knowledge and strict proof thereof is demanded.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Without knowledge and strict proof thereof is demanded.

35. Denied.

36. Without knowledge and strict proof thereof is demanded.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

42. Denied.

43. Denied.

44. Without knowledge and strict proof thereof is demanded.

45. Without knowledge and strict proof thereof is demanded.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Without knowledge and strict proof thereof is demanded.

53. Without knowledge and strict proof thereof is demanded.

54. Without knowledge and strict proof thereof is demanded.

55. Without knowledge and strict proof thereof is demanded.

56. Without knowledge and strict proof thereof is demanded.

57. Without knowledge and strict proof thereof is demanded.

58. Without knowledge and strict proof thereof is demanded.

59. Without knowledge and strict proof thereof is demanded.

60. Without knowledge and strict proof thereof is demanded.

61. Denied.

62. Denied.

63. Admitted.

64. Without knowledge and strict proof thereof is demanded.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Without knowledge and strict proof thereof is demanded.

70. Without knowledge and strict proof thereof is demanded.

71. Without knowledge and strict proof thereof is demanded.

72. Without knowledge and strict proof thereof is demanded.

73. Without knowledge and strict proof thereof is demanded.

74. Denied.

75. Without knowledge and strict proof thereof is demanded.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Without knowledge and strict proof thereof is demanded.

82. Denied.

83. Denied.

84. It is admitted that the Sheriff executed a basic Ordering Agreement (BOA). All of the rest and remainder of the allegations contained in Paragraph 84 are denied.

85. Admitted.

86. Denied.

87. Denied.

…

## COUNTS

### Count I - Section 1983 Claim for Violation of the Fourth Amendment:

### Unconstitutional Seizure

88. Admitted.

89. Admitted.

90. Denied.

91. Denied.

92. Denied.

93. Admitted.

94. Denied.

95. Denied.

96. Denied.

### Count 2 - False Imprisonment Under Florida Law

97. Admitted.

98. Admitted.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## **GENERAL DENIAL**

Any allegations to which a specific response has not been provided are hereby denied, and strict proof thereof is demanded.

## **AFFIRMATIVE DEFENSES**

I.      As a first and separate affirmative defense, the Defendant SHERIFF would assert, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, that the Plaintiff has failed to state a claim for relief by failing to make sufficient allegations of ultimate fact demonstrating that this court has subject matter jurisdiction over the claim.

II.     As a further and separate affirmative defense, the Defendant SHERIFF, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that the Plaintiff has failed to make sufficient allegations of ultimate fact from which it can be determined that a claim for relief has been stated.

III.    As a further and separate affirmative defense, the Defendant SHERIFF would assert that any and all injuries or damages about which Plaintiff complains were caused by reason of Plaintiff's own wrongful acts and/or misconduct.

IV.    As a further and separate affirmative defense, the Defendant SHERIFF would assert that any and all injuries or damages about which Plaintiff complains were caused in whole or in part by reason of the actions of the United States Immigration and Customs Enforcement (ICE).

V.     As a further and separate affirmative defense, the Defendant SHERIFF would assert that he, at no time, promulgated or implemented a custom, policy, practice, or procedure which authorized the commission of any act in derogation of

Plaintiff's civil rights, and the Defendant SHERIFF would assert that no such custom, policy, practice or procedure was the moving force or cause of any alleged violation of Plaintiff's constitutional rights.

    VI.    As a further and separate affirmative defense, the Defendant SHERIFF would assert that any and all actions taken by him or any agency employee were taken:

        a.    with probable cause;

        b.    in pursuit of lawful and legal duties;

        c.    in good faith.

    VII.    As a further and separate affirmative defense, the Defendant SHERIFF, with specific reference to Count 2 of the Complaint would assert, that Plaintiff has failed to satisfy any and all conditions precedent or subsequent to the initiation or maintenance of such state law claim, against him.

    VIII.    As a further and separate affirmative defense, the Defendant SHERIFF, with specific reference to Count 2 of the Complaint would assert, that he is immune from liability, or liability is limited, for any and all alleged injuries or damages about which Plaintiff complains by virtue and by operation of the statutory waiver of sovereign immunity, Section 768.28, et.seq., Florida Statutes (2017).

    IX.    As a further and separate affirmative defense, the Defendant SHERIFF would assert that, to the extent that the Plaintiff was detained in his custody for any period beyond the detention related to the pendency of a violation of probation, such detention was lawful pursuant to the general terms and conditions of the Basic Ordering Agreement (BOA) lawfully entered into by and between the United States Immigration and Customs Enforcement (ICE) and the Sheriff.

## **DEMAND FOR TRIAL BY JURY**

The Defendant SHERIFF hereby demands trial by jury on all issues so triable.

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court via the CM/ECF system, which sends a copy to: AMIEN KACOU, Esquire, ACLU Foundation of Florida, Inc., 4023 N. Armenia Avenue, Suite 450, Tampa, Florida 33607, akacou@aclufl.org this **2nd** day of January, 2019.

        PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
        Attorneys for Defendant SHERIFF
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        E-mail: bruce@purdylaw.com
                susie@purdylaw.com

BY:    */s/ Bruce W. Jolly*
           BRUCE W. JOLLY
           Fla. Bar No. 203637