UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10279-CIV-KMW

PETER SEAN BROWN,

     Plaintiff,

v.

RICHARD A. RAMSAY, in his official
capacity as Sheriff of Monroe County,

     Defendant.

_____/

### DEFENDANT'S MOTION TO TRANSFER THE TRIAL VENUE

The Defendant, RICK RAMSAY, Sheriff of Monroe County, Florida, through his undersigned attorneys pursuant to Local Rule 3.1 of the Southern District of Florida and 28 USC 1404, files this his Motion to Transfer the Trial Venue from the federal courthouse in Miami, Florida, to the federal courthouse in Key West, Florida, and in support thereof would state as follows:

1.  On December 3, 2018, Plaintiff Brown initiated the present lawsuit against the Defendant, Rick Ramsay as Sheriff of Monroe County in his official capacity. [DE 1].

2.  This matter is being prosecuted by Plaintiff against the Defendant claiming unlawful continuation of his detention at the Monroe County Detention Center for approximately 13 hours pursuant to an Immigration and Customs Enforcement Detainer and Warrant. [DE 1]. Plaintiff was legally detained for approximately 25 days based upon an arrest stemming from a violation of probation for the felony offense of Resisting an Officer with Violence in violation of Florida Statute § 843.01 prior to the continued detention about which Plaintiff now complains.[1]

---
[1] At the time of this Motion, Plaintiff is presently detained in Monroe County Jail pending a fourth violation of probation in case number 2017-CF-2-A-K.

1

3.  Plaintiff asserts two civil claims against the Sheriff Ramsay as follows: Count I - Section 1983 claim for violation of 4th Amendment (unconstitutional seizure); and Count II - False Imprisonment under Florida law.

4.  On July 24, 2019, this Court entered an Amended Scheduling Order setting this case for a "two-week trial calendar beginning on April 13, 2020, before the Honorable Kathleen M. Williams at 400 North Miami Avenue, Courtroom 11-3, Miami, Florida[.]" [DE 77].

5.  When not detained, Plaintiff lives and works in Monroe County, Florida. As of the date of this Motion, Plaintiff is incarcerated in the Monroe County Jail.

6.  The Defendant Sheriff Ramsay is a constitutional officer of Monroe County, Florida.

7.  Material witnesses to the subject incident who have been disclosed by the parties are employed in Monroe County, Florida.

WHEREFORE, the Defendant requests an entry of an Order transferring the scheduled trial venue from Miami, Florida, to Key West, Florida, for the convenience of all the parties and witnesses.

FURTHER, and in support of this Motion, the Defendant would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

In Florida, the State and its agencies or subdivisions, including county sheriffs, enjoy what commonly referred to as the "home venue privilege." See Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 363–64 (Fla.1977) ("It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters."). The home venue privilege is subject to only

four specific exceptions. <u>Fla. Dep't of Children & Families v. Sun–Sentinel</u>, Inc., 865 So.2d 1278, 1288–89 (Fla.2004) (recognizing exceptions for statutory waiver of home venue privilege, actions in which the State entity allegedly acts as a "sword wielder," joint tortfeasor, and "good cause" petitions to access otherwise confidential public records). Id. at 1288–89. A trial court "must apply the home venue privilege unless one of the recognized exceptions to the privilege is satisfied." Id. at 1289.

Plaintiff filed suit against the Defendant Sheriff in his official capacity as Sheriff of Monroe County. As such, Defendant Ramsay is neither a "sword wielder" nor a joint tortfeasor under the home venue exceptions. All pertinent facts and witnesses surrounding the subject matter of this litigation are within Monroe County and the Plaintiff resides in Monroe County. Thus, there is no connection to the Miami venue in this case and the convenience of all parties involved justifies the transfer of the trial to the Key West venue. Regardless, Defendant Ramsay is mindful that this matter is within the jurisdiction of the federal court and will therefore address federal law and precedent on the appropriateness of transferring the trial locus to the Key West venue as discussed *infra*.

The Southern District Local Rule 3.1, entitled "DOCKETING AND TRIAL" states as follows:

> Actions and proceedings shall be tried in their county of origin, except that Highlands, Indian River, Martin, Okeechobee and St. Lucie County actions and proceedings shall be tried at Fort Pierce, Florida.

> Notwithstanding the foregoing, any civil or criminal proceeding or trial may, upon Order of Court and in the interest of justice, the status of the docket, or to assure compliance with requirements imposed under the Speedy Trial Act, be conducted at any jury division within the District.

Southern Dist. Loc. R. 3.1. Local Rule 3.1 of the Southern District of Florida provides that "actions and proceedings shall be tried in their country of origin." Civil proceedings "can be held

at any Division within this District," and the venue decision is a discretionary one when deciding

to transfer a case within the District. <u>Reyes v. JA & M Developing Corp.</u>, No. 12-61329, WL

3562024 (S.D. Fla. Aug. 17, 2012) (citing Local Rule 3.1, S.D. Fla; 28 U.S.C. §

1404(b)). "Courts in [the southern district look] to 28 U.S.C. § 1404(a) for guidance in

transferring cases to different divisions. <u>Bartolon-Perez v. Island Granite & Stone, Inc.</u>, No. 14-

CIV-21010, 2014 WL 12513973, at *1 (S.D. Fla. Aug. 25, 2014)

United States Code 28 USC 1404 governs where a trial may be held and delineates the

appropriate factors for consideration. Section 1404(a) provides that a district court may transfer a

civil case to any district where it might have been brought "[f]or the convenience of parties and

witnesses" and "in the interest of justice." In considering whether to transfer a case pursuant to

section 1404(a), the Court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant
> documents and the relative ease of access to sources of proof; (3) the
> convenience of the parties; (4) the locus of operative facts; (5) the
> availability of process to compel the attendance of unwilling witnesses;
> (6) the relative means of the parties; (7) a forum's familiarity with the
> governing law; (8) the weight accorded a plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice, based on the totality of the
> circumstances.

The moving party bears the burden of demonstrating that the case should be transferred

by establishing that the suggested forum is more convenient. <u>In re Ricoh Corp.</u>, 870 F.2d 570,

573 (11th Cir. 1989); see <u>Mason v. Smithkline Beecham Clinical Labs.</u>, 146 F.Supp.2d 1355,

1359 (S.D.Fla.2001); see also <u>Joseph v. Liberty Nat. Life Ins. Co.</u>, No. 08-20117-CIV, 2008 WL

2026006, at *1 (S.D. Fla. May 9, 2008). The decision to transfer a case pursuant to Section

1404(a) should be based on "an 'individualized, case-by-case consideration of convenience and

fairness.' " <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (quoting <u>Van Dusen v.

Barrack</u>, 376 U.S. 612, 622 (1964)). Section 1404(a) sets no time-limit on when a motion to

transfer must be filed, but the prevailing rule is that the movant must act with "reasonable promptness" in seeking transfer. 15 Charles Alan Wright, et al., Federal Practice & Procedure § 3844 n.25 (3d ed. 2007). Although a defendant may not move to dismiss for improper venue under Rule 12(b)(3), after the time for filing such motions has passed, it may move to transfer under Rule 1404(a). See Smith v. Kyphon, Inc., 578 F. Supp. 2d 954, 957 (M.D. Tenn. 2008) ("[A] a motion to dismiss for improper venue pursuant to Rule 12(b) is not the same as a motion to transfer to a more convenient venue under 28 U.S.C. § 1404(a) and is therefore not subject to the waiver provisions of Rule 12(h)."). MSPA Claims 1, LLC v. Halifax Health, Inc., No. 17-20706-CIV, 2017 WL 7803813, at *2 (S.D. Fla. Oct. 13, 2017); see also Bailey v. B. Braun Med. Inc., 1:16-cv-1544-WSD, 2017 WL 1547163, at *3 (N.D. Ga. May 1, 2017) (finding that the plaintiff did not waive argument that alternative venue was more convenient by waiting ten months to move to transfer); Tatum v. Chrysler Grp., LLC, Civil Action No. 10–4269 (ES)(CLW), 2011 WL 6306551, at *5 (D.N.J. Oct. 3, 2011) (same, nine months); Jaramillo v. DineEquity, Inc., 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009) (same, eight months).

Federal Rule of Civil Procedure 45 prescribes the place of compliance for trial subpoenas and states, in pertinent part, as follows:

> (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>> (i) is a party or a party's officer; or
>> (ii) is commanded to attend a trial and ***would not incur substantial expense***.

Fed. R. Civ. P. 45(c)(emphasis provided). The language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued the subpoena. However, this language must be read in light of the underlying purposes of the rule, which include "protect[ing] ... persons who are required to assist the court by giving information and evidence...." Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment. The practice commentaries to the rule explain that a motion to compel under Rule 45(c)(2)(B) "should, like the motion to quash or modify ..., be made to the court from which the subpoena issued," which "will presumably be a court in a district convenient to the nonparty" since it is "of course the nonparty whose convenience Rule 45 is most concerned about protecting."[2] David D. Siegel, Practice Commentaries, Fed. R. Civ. P. 45. Accordingly, "where the nonparty indicates a preference for a forum other than the issuing court, the notes and commentary to the rule suggest that transfer, in the issuing court's discretion, would accord with Rule 45's purposes." See also Fed. R. Civ. P. 1 (explaining that the overarching principle in interpreting the Federal Rules of Civil Procedure is that they "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"); Moreover, courts in several circuits have held that the transfer of Rule 45 motions may be appropriate even if such transfer is not at the non-party's request. Fed. Trade Comm'n v. AmeriDebt, Inc., No. 05-22241-CIV, 2006 WL 8433126, at *1 (S.D. Fla. Jan. 6, 2006) (citing United States v. Star Sci., Inc., 205 F. Supp. 2d 482, 484–85 (D. Md. 2002); In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991); Petersen v. Douglas County Bank & Trust Co., 940 F.2d 1389, 1391 (10th Cir. 1991); In re Armstrong, 1997 Bankr. LEXIS 1863, at *1 n.1(Bankr. E.D. Ark.)).

---

[2] Clause (c)(3)(B)(iii) protects non-party witnesses who may be burdened to perform the duty to travel in order to provide testimony at trial. The provision requires the court to condition a subpoena requiring travel of more than 100 miles on reasonable compensation. Fed. R. Civ. P. 45(c)(3)(B)(iii).

A. Plaintiff Could Have Originally Filed This Case in Key West

Neither party disputes that the case could have been brought in the Key West Division of the Southern District of Florida. All actions giving rise to the dispute occurred in Monroe County. Thus, this case may have been brought in the Key West Division as Defendant is subject to jurisdiction, venue and service of process there. See Thermal Technologies, Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003). If, *arguendo,* Miami and Key West were separate districts, as opposed to separate divisions, Plaintiff would not be able to bring the action in Miami-Dade. Pursuant to 28 U.S.C. § 1391, venue would be improper since no defendant lives or conducts business in Miami-Dade and none of the alleged acts or omissions that give rise to the claim occurred in Miami-Dade.

B. The 1404(a) Factors Support Transfer to the Key West Division

This matter presents a case where known witnesses either reside or are employed within Monroe County, Florida. Plaintiff's claims challenge an act of the Monroe County Sheriff's Office" to detain him under an ICE hold at the Monroe County Jail. [See DE 1 page 2]. As such, all the relevant documents and sources of proof are equally within Monroe County. The distance from the location of the Trial Court (as scheduled per Docket Entry 77) in Miami, Florida at 400 North Miami Avenue, to Monroe County's courthouse is approximately 162 Miles. Coincidently, this is also the approximate distance from place of incident to the North Miami courthouse. When one factors the traffic between these two locations, it is an estimated three and a half hours if commuting one way by vehicle. It is clear that all parties (and non-parties alike) would incur a substantial expense and inconvenience by conducting the trial in the Miami division.

Both Plaintiff and Defendant are Monroe County residents. Presently, Plaintiff either is detained at the Monroe County jail or lives in Monroe County. [DE 1 page 4 ¶ 13/7 ¶ 17 ("Peter Sean Brown . . . lives in Monroe County, Florida." "Mr. Brown currently lives in the Florida Keys, where he has worked in the restaurant industry for many years.")]. Were the Plaintiff to be incarcerated at the time of the trial, he would require a vehicle transport from and to the Monroe County Jail for each day of the trial. Assuming that Plaintiff remains incarcerated or imprisoned at the time of the trial, the transport of the Plaintiff would require the additional burden of travel of nearly four hundred miles and over seven hours per day. Moreover, the Defendant, "Richard A. "Rick" Ramsay, as the Sheriff of Monroe County, is the chief law enforcement officer and policymaker for the Monroe County Sheriff's Office, which runs the Monroe County Detention Center[.]" [DE 1 page 5 ¶ 14]. Neither the Plaintiff nor the lawsuit are connected to Miami.

All discovery depositions in this matter have been taken in Monroe County in Key West, Florida. Both the Miami courtroom and the Key West courtroom would apply the same federal and state law with the same level of ease, as they are both venues within the Southern District of Florida. Due to the distance and travel required by both the non-parties and parties to this lawsuit, conducting the trial within the Miami division would result in an unnecessary expense and burden to all involved. Moreover, the unseen consequences of coordinating witnesses and compelling timely appearances from both parties and non-party witnesses would likely result in delays and objections which would waste scarce judicial resources and frustrate the efficiency of the trial. As a result, the ease of compelling each witness's attendance weighs heavily in favor of transfer.  Based upon the convenience, the totality of the circumstances and the interests of justice, a transfer of the two-week trial to the Key West division is appropriate.

For the reasons stated, this Motion should be granted.

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1**

Defendant Ramsay certifies that undersigned counsel has conferred with Plaintiff's counsel regarding the relief sought in this Motion and undersigned counsel is authorized to advise that Plaintiff takes no position on Defendant's requested change of venue to Key West, and that Plaintiff reserves the right to respond to such Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court via the CM/ECF system, which sends a copy to: SEE ATTACHED CERTIFICATE OF SERVICE, this **1st** day of August, 2019.

PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Attorneys for Defendant SHERIFF
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
E-mail: bruce@purdylaw.com
           susie@purdylaw.com

BY:      */s/ Bruce W. Jolly*
          BRUCE W. JOLLY
          Fla. Bar No. 203637

          */s/ Harrison A. Joss*
          HARRISON A. JOSS
          Fla. Bar No. 118289

## CERTIFICATE OF SERVICE LIST

### PETER SEAN BROWN V. RICHARD A. RAMSAY, etc.
### CASE NO. 18-10279-CIV-KMW

SPENCER E. AMDUR
CODY H. WOFSY
American Civil Liberties Union
39 Drumm Street
San Francisco, CA 94111
Telephone (415) 343-1198
samdur@aclu.org
cwofsy@aclu.org

OMAR C. JADWAT
LEE GELERNT
American Civil Liberties Union
125 Broad Street
New York, NY 10004
Telephone (212) 549-2500
ojadwat@aclu.org
lgelernt@aclu.org

SARAH M. RICH
Southern Poverty Law Center
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone (404) 521-6700
sarah.rich@splcenter.org.

JONATHAN N. SOLEIMANI
JASON S KIM
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone (213) 229-7000
jsoleimani@gibsondunn.com.
jkim@gibsondunn.com.

DANIEL B. TILLEY
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
Telephone (786) 363-2714
Fla. Bar No. 102882
Dtilley@aclufl.org

AMIEN KACOU
ACLU Foundation of Florida, Inc.
4023 N. Armenia Avenue, Suite 450
Tampa, Florida 33607
Telephone (813) 288-8390
akacou@aclufl.org
Fla. Bar No. 443020

JENNIFER K. BRACHT
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone (213) 229-7000
jbracht@gibsondunn.com

VIVIANA BONILLA LOPEZ
Southern Poverty Law Center
4770 Biscayne Blvd, Suite 760
Miami, Florida 33137
Telephone (786) 347-2056
viviana.bonillalopez@splcenter.org
Fla. Bar No. 103205

HEATHER RICHARDSON
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone (213) 229-7000
hrichardson@gibsondunn.com