UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10279-CIV-KMW

PETER SEAN BROWN,

    Plaintiff,

v.

RICHARD A. RAMSAY, in his official
capacity as Sheriff of Monroe County,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S INVOCATION OF THE FIFTH AMENDMENT PRIVILEGE DURING DEPOSITION

The Defendant, RICHARD A. RAMSAY, Sheriff of Monroe County, through his undersigned attorneys, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, files this his Motion to Dismiss Plaintiff's Complaint for Plaintiff's Invocation of the Fifth Amendment Privilege during deposition, and in support thereof would state as follows:

1.    Plaintiff, presently a detainee housed in the Monroe County Jail, brings claims against Sheriff Ramsay, in his official capacity as Sheriff of Monroe County, alleging the Defendant subjected him to a violation of his Constitutional rights and falsely imprisoning him.

2.    This matter is being prosecuted by Plaintiff against the Defendant claiming unlawful continuation of his detention at the Monroe County Detention Center for approximately 13 hours pursuant to an Immigration and Customs Enforcement Detainer and Warrant. [DE 1]. Plaintiff was legally detained for approximately 25 days based upon an arrest stemming from a

1

violation of probation for the felony offense of Resisting an Officer with Violence in violation of Florida Statute § 843.01 prior to the continued detention about which Plaintiff now complains.[1]

3.  Plaintiff's allegations contained within his Complaint are premised upon the facts surrounding April 26, 2018, wherein Plaintiff had resolved his criminal violation of probation and had been reinstated on probation, however Immigration and Customs Enforcement ("ICE") agents issued both an I-247 detainer and an administrative warrant to the Jail directing further detention. The result was a continued detention for approximately thirteen (13) hours before Plaintiff was ultimately released from custody by ICE.

4.  Plaintiff asserts two civil claims against the named Defendant as follows: Count I - Section 1983 claim for violation of 4th Amendment (unconstitutional seizure); and Count II - False Imprisonment under Florida Law.

5.  Defendant filed a Motion to Take a Deposition of a Confined Person on June 11, 2019, and this Court entered an Order Granting Defendant's Motion. [DE 60 and 70].

6.  On July 16, 2019, Defendant attempted to take Plaintiff's deposition at the Monroe County Jail. During the deposition, Plaintiff, upon advice of counsel, repeatedly invoked his Fifth Amendment privilege against self-incrimination regarding questions directly related to the subject incident, his criminal history, and his claim for damages. As a result, Plaintiff refused to answer questions related to his present incarceration, prior criminal history, and the events leading up to the subject incident (which also involves his incarceration and the resulting ICE detainer and warrant). Notwithstanding that Plaintiff has already entered a plea to the criminal charge underlying Plaintiff's initial incarceration at the Monroe County jail and the subsequent

---

[1] At the time of this Motion, Plaintiff is presently detained in Monroe County Jail pending a fourth violation of probation in case number 2017-CF-2-A-K.

2

three violations of probation, Plaintiff asserted that his current status and the pendency of a fourth violation of probation warrants the invocation of his Fifth Amendment privilege.

7. The Defendant contends that the injuries Plaintiff alleges in the Complaint were not caused by the Defendant, but were instead sustained, if at all, as a result of a third party which provided an independent basis for the brief detention of Plaintiff. [See Defendant's Answer and Defenses to Pl's Complaint [DE 31 page 7]]. Moreover, Defendant has asserted that all actions taken by the Defendant's deputies were both reasonable and legal pursuant to authority as delineated by Florida Statute 768.28. Id. Plaintiff has characterized Defendant's actions as terrifying and demeaning. Thus, Plaintiff's testimony as to what caused his incarceration, and the injuries he claims to have sustained, are critical to the Defendant's ability to defend the lawsuit.

8. Plaintiff's failure to meaningfully participate in discovery and his refusal to answer questions related to the incident which is at the heart of the defense theory of the case has substantially prejudiced the Defendant.

WHEREFORE, the Defendant moves for the entry of an Order dismissing Plaintiff's claims based upon his invocation of the privilege against self-incrimication.

FURTHER, and in support of this Motion, the Defendant would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

**I.  Dismissal is proper based on Plaintiff's invocation of the Fifth Amendment and refusal to testify about a material aspect of the Defendants' theory of the case.**

A court may impose sanctions for litigation misconduct under its inherent power. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009); Chambers v. NASCO, Inc., 501 U.S. 32, 51, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The court's inherent power derives from the court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, 111 S.Ct. 2123 (quotation marks and citation omitted). Additionally, it is well settled that district courts enjoy broad discretion in policing their dockets. Bettis v. Toys 'R' Us Delaware, Inc., 273 Fed. Appx. 814, 818 (11th Cir. 2008); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (reaffirming that district courts "enjoy broad discretion in deciding how best to manage the cases before them"); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuit.").

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits.

Dismissal under Rule 41(b) is appropriate where a plaintiff has failed to comply with discovery obligations. Heath v. Benitez, 8:08-CV-1099-T-27MAP, 2011 WL 2618927 (M.D. Fla. July 1, 2011) (dismissing complaint pursuant to Rule 41 where plaintiff failed to provide discovery responses).

Where a plaintiff invokes his Fifth Amendment privilege against self-incrimination and refuses to answer questions pertinent to the claim and its defenses, the Plaintiff's Complaint should be dismissed. See Serafino v. Hasbro, Inc., 82 F.3d 515 (1st Cir. 1996); Lyons v.

4

Johnson, 415 F.2d 540 (9th Cir. 1969); Wehling v. Columbia Broadcasting Sys., 608 F.2d 1084, 1087-88 (5th Cir.1979)("[A] district court is not precluded from using dismissal as a *remedy* to prevent unfairness to the defendant."). This concept evolved from the idea that it would be fundamentally unfair to permit a plaintiff to utilize the Fifth Amendment's protections as an offensive weapon in a civil lawsuit. As one Court explained:

> Plaintiffs in this civil action have initiated the action and forced defendants into court. If plaintiffs had not brought the action, they would not have been called on to testify. Even now, plaintiffs need not testify if they discontinue the action. They have the freedom and reasonable choice of action. **They cannot use this asserted privilege as both a sword and a shield**.

Bramble v. Kleindienst, 357 F. Supp. 1028, 1035 (D. Colo. 1973), aff'd sub nom. Bramble v.Richardson, 498 F.2d 968 (10th Cir. 1974) (emphasis added). The "sword and shield" principle is firmly established under Florida law and courts historically provide harsher treatment to a plaintiff's assertion of the privilege. See Rollins Burdick Hunter of New York, Inc. v. Euroclassics Limited, Inc., 502 So. 2d 959, 962 (Fla. 3d DCA 1987) ("A civil litigant's fifth amendment right to avoid self-incrimination may be used as a shield but not a sword. This means that a plaintiff seeking affirmative relief in a civil action may not invoke the fifth amendment and refuse to comply with the defendant's discovery requests, thereby thwarting the defendant's defenses."); Eatmon v. Bonagura, 590 So.2d 4 (Fla. 1st DCA 1991); DePalma v. Depalma, 538 So.2d 1290 (Fla. 4th DCA 1989). Indeed, Florida precedent on this topic historically resulted in an automatic dismissal of a plaintiff's action under these circumstances. See City of St. Petersburg v. Houghton, 362 So. 2d 681, 685 (Fla. Dist. Ct. App. 1978)("It would be uneven justice to permit plaintiffs to invoke the powers of this court for the purpose of seeking redress and, at the same time, to permit plaintiffs to fend off questions, the answers to which may

constitute a valid defense or materially aid the defense[.]"); Wehling, 608 F.2d at 1088 ("we emphasize that a civil plaintiff has no absolute right to both his silence and his lawsuit.").

However, current precedent has established that no single remedy is best suited to lessen the inherent prejudice caused to the defendant by the plaintiff's assertion of the Fifth Amendment privilege. See Pervis v. State Farm Fire & Cas. Co., 901 F.2d 944, 947-48 (11th Cir. 1990). Remedies utilized against a party whose claim of privilege prevents discovery include striking pleadings or testimony, relieving an opposing party of its burden of proof, and dismissing the claims or entering an adverse judgment. See, e.g., Eagle Hosp. Physicians, LLC, 561 F.3d at 1304 (11th Cir. 2009) (striking pleadings of party seeking relief and entering default judgment against the party invoking the Fifth Amendment privilege and sanctions were not a punishment for defendant's invocation of his rights, but for his disruption of the litigation.); Pervis, 901 F.2d at 948 (granting summary judgment against invoking party); DePalma, 538 So. 2d 1291. (striking a party's evidence as a sanction, where such a party seeks to use the fifth amendment as a sword and shield).

In Serafino supra, the First Circuit Court of Appeals developed the following three part balancing test to determine whether dismissal was the appropriate remedy to prevent unfairness to the defendant: (1) whether the alleged illegal conduct was important to the defense, (2) whether there were alternative means of information, and (3) whether there was an adequate alternative. Serafino, 82 F.3d at 518-19. The factors articulated by the Serafino Court weigh in favor of dismissal in this case.

Plaintiff's Complaint recounts an incident where he claims to have been subjected to an extended unlawful incarceration as a result of Defendant's actions. [DE 1]. According to the Complaint, both the Plaintiff and deputies employed by the Defendant exchanged a number of

communications relating to Plaintiff's citizenship status. Id. at ¶¶ 15-60. Plaintiff contends that the action (or inaction) attributable to Defendant's detention deputies constitutes a violation of his Fourth Amendment rights and false imprisonment. Id. At pages 17-19. Finally, Plaintiff alleges that he is entitled to compensatory damages as a result of the subject incident. [DE 1 at page 19].

The Defendant categorically denies the majority of the facts alleged within Plaintiff's Complaint and any damages suffered by the Plaintiff from the subject incident. [See DE 1 and 31]. The Defendant claims that the Plaintiff's injuries were the result of a non-party ("ICE") and Defendant's compliance with state and federal law. The Defendant contends that witness testimony as well as through documentary evidence which completely discredit Plaintiff's version of the incident, including his jail records. That is why it is critical for the Defendants to question the Plaintiff in detail about the circumstances of the incident giving rise to the lawsuit and his incarceration history, a topic about which the Plaintiff refused to answer questions about during his deposition.

### A. Plaintiff's factual assertions surrounding the subject incident are central to the defense of this case.

As referenced above, it is the Defendant's theory that the Plaintiff's compensatory injuries are both nominal and the result of a third party. In fact, Plaintiff has characterized the injuries as "serious emotional" and financial. [DE 61-62]. As recounted in Plaintiff's Complaint, the treatment he received at the hands of the Sheriff's Deputies was both terrifying and demeaning. Id. This account of the events cannot be corroborated through any documentary evidence but rather only through testimonial evidence of the Plaintiff. As the measure of damages will have a direct correlation to both Plaintiff's criminal history and the treatment

7

alleged by Plaintiff at the hands of Defendant's deputies, it is critical for the Defendant to be able to ask the Plaintiff detailed questions about the incident to lock in a version of the events and to probe for inconsistencies in his testimony versus other witness testimony. However, Plaintiff's invocation of his Fifth Amendment privilege against self-incrimination has frustrated Defendant's ability to obtain relevant evidence on a variety of issues.

### B. There is no alternative source of information.

As represented within the Complaint, this lawsuit will turn on factual issues which will likely be disputed by the parties and, consequently, presents a classic swearing match where credibility of the witnesses is critical. Although all documentary evidence undermines Plaintiff's allegations, it is likely that a jury will be tasked with resolving whatever material disputes remain at trial. There is simply no substitute for the Plaintiff's answers to specific and detailed questions under oath at deposition which would allow for follow-up, something that interrogatories, for example, would not permit.

### C. There is no alternative remedy to cure the prejudice caused by Plaintiff's refusal to cooperate in discovery by his assertion of the Fifth Amendment Privilege.

Defendant respectfully submits that no alternative short of dismissal could alleviate the prejudice the Plaintiff has caused the Defendant based on his refusal to answer any questions regarding the subject matter of this lawsuit and his criminal history. Plaintiff's counsel repeatedly directed Plaintiff to invoke his Fifth Amendment privilege during the deposition and did not direct his client to answer the relevant questions. Plaintiff's counsel represented to this Court that they required a substantial amount of time to meet with the incarcerated Plaintiff in order to prepare him for his deposition. [See DE 65]. It stands to reason that part of this preparation included the anticipation of all relevant questions posed to the Plaintiff by Defense

8

counsel. Consequently, Plaintiff's counsel informed Plaintiff of the Fifth Amendment Privilege and to follow counsel's instruction not to answer questions during the deposition when such a privilege was raised. The Plaintiff elected to bring this action. He should not be permitted to use his Fifth Amendment privilege as an offensive weapon to unfairly frustrate the Defendants' ability to defend himself against this claim.

## CONCLUSION

The Plaintiff has demonstrated an apparent inability to participate in discovery or to prosecute his claim in a way that is not fundamentally unfair to the Defendant. The Defendant respectfully submits that Plaintiff's actions in repeatedly invoking his Fifth Amendment privilege and refusing to answer deposition questions about the subject matter of this lawsuit and questions reasonably related to Plaintiff's claims justifies dismissal as an appropriate sanction.

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court via the CM/ECF system, which sends a copy to: SEE ATTACHED CERTIFICATE OF SERVICE this **1st** day of August, 2019.

        PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
        Attorneys for Defendant SHERIFF
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        E-mail: bruce@purdylaw.com
               susie@purdylaw.com

BY: */s/ Bruce W. Jolly*
     BRUCE W. JOLLY
     Fla. Bar No. 203637

     */s/ Harrison A. Joss*
     Harrison A. Joss
     Fla. Bar No. 118289

**CERTIFICATE OF SERVICE LIST**

**PETER SEAN BROWN V. RICHARD A. RAMSAY, etc.**
**CASE NO. 18-10279-CIV-KMW**

SPENCER E. AMDUR
CODY H. WOFSY
American Civil Liberties Union
39 Drumm Street
San Francisco, CA 94111
Telephone (415) 343-1198
samdur@aclu.org
cwofsy@aclu.org

OMAR C. JADWAT
LEE GELERNT
American Civil Liberties Union
125 Broad Street
New York, NY 10004
Telephone (212) 549-2500
ojadwat@aclu.org
lgelernt@aclu.org

SARAH M. RICH
Southern Poverty Law Center
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone (404) 521-6700
sarah.rich@splcenter.org.

JONATHAN N. SOLEIMANI
JASON S KIM
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone (213) 229-7000
jsoleimani@gibsondunn.com.
jkim@gibsondunn.com.

DANIEL B. TILLEY
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
Telephone (786) 363-2714
Fla. Bar No. 102882
Dtilley@aclufl.org

AMIEN KACOU
ACLU Foundation of Florida, Inc.
4023 N. Armenia Avenue, Suite 450
Tampa, Florida 33607
Telephone (813) 288-8390
akacou@aclufl.org
Fla. Bar No. 443020

JENNIFER K. BRACHT
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone (213) 229-7000
jbracht@gibsondunn.com

VIVIANA BONILLA LOPEZ
Southern Poverty Law Center
4770 Biscayne Blvd, Suite 760
Miami, Florida 33137
Telephone (786) 347-2056
viviana.bonillalopez@splcenter.org
Fla. Bar No. 103205

HEATHER RICHARDSON
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone (213) 229-7000
hrichardson@gibsondunn.com

PATRICK HAYDEN
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, New York 10166
Telephone (212) 351-4000
phayden@gibsondunn.com