UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-10279-Civ-WILLIAMS/TORRES

PETER SEAN BROWN,

    Plaintiff,

v.

RICHARD A. RAMSAY, OFFICIAL
CAPACITY AS SHERIFF OF MONROE
COUNTY,

    Defendant.
_____/

## DISCOVERY ORDER

This matter is before the Court pursuant to a discovery hearing held on Friday, November 8, 2019. The Court announced its rulings on the various issues raised at the hearing, along with its reasoning, on the record at the hearing. This Order is entered to memorialize those rulings on the docket. Accordingly, the Court **ORDERS AND ADJUDGES** as follows:

1. In light of the Court's conclusion that, assuming a constitutional violation is found in this case, Plaintiff does not need further document production to establish that Defendant implemented a policy against Plaintiff and against "similarly situated" persons, for purposes of establishing municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), *see* Tr. at

1

6:15–25, 15:21–24 (Dkt. 118), and in light of Defendant's representation that he does not intend to assert any lack of sufficient factual evidence to satisfy the *Monell* standard (assuming, again, that a constitutional violation is found in this case), *see* Tr. at 14:13–17; 15:1–9, Plaintiff's motion to compel as to Plaintiff's Request for Production No. 22 and Plaintiff's Third Set of Requests for Admission is **DENIED** without prejudice. In the interests of fairness to Plaintiff, should a factual issue regarding the establishment of municipal liability arise—including any argument that Plaintiff has failed to set forth sufficient evidence to satisfy the *Monell* standard—the Court will entertain a request to reopen discovery or provide other appropriate relief pursuant to Federal Rule of Civil Procedure 56(d)–(e).

    2.    Various agents or employees of Defendant have been deposed pursuant to Rule 30(b)(1), and "Defendant has . . . agreed to be bound by the previous testimony [of his agents or employees] under Rule 30(b)(6)." Def.'s Notice of Compliance at 9 (Dkt. 117); *see also* Tr. at 19:20 ("MR. JOLLY: I am bound by it.") (Dkt. 118). Plaintiff has agreed to treat prior Rule 30(b)(1) testimony by Defendant's agents or employees as binding on Defendant under Rule 30(b)(6) for the following topics: (i) Defendant's policy with regard to the Department of Homeland Security Form I-247A, "Immigration Detainer – Notice of Action" ("Form I-247A") and/or associated documents; (ii) the circumstances of Plaintiff's detention at MCSO in April 2018; (iii) the training of MCSO officers and personnel related to the detention or holding of persons identified in a Form I-247A; and (iv) the accessibility, content, and use of MCSO records pertaining to persons detained by MCSO and identified in a Form I-

247A. It is **ORDERED** that the testimony of MCSO agents and employees regarding those topics, taken pursuant to Rule 30(b)(1), shall be binding on Defendant as though it were taken pursuant to Rule 30(b)(6).

    3.    Defendant's blanket objection to the Rule 30(b)(6) designation, on the basis of the chronological scope of the topics identified, is noted but the Court has not "limited the scope of Plaintiff's discovery inquiries to one year." Dkt. 117 at 2 n.1. Any earlier ruling to that effect was targeted to written discovery requests, which entail a very different burdensome and scope analysis than a deposition.

In any event, Plaintiff has indicated his intention, in light of the orders issued herein, to withdraw the existing Rule 30(b)(6) notice and list of topics, and issue a new notice and list. The Court therefore issues no additional orders regarding the Rule 30(b)(6) deposition at this time. Defendant is reminded that "any objections to the scope of a Rule 30(b)(6) deposition notice shall only be adjudicate[d] after the taking of the deposition." Standing Order Setting Discovery Procedures at 7. "A corporate representative must answer any question posed at the deposition, whether deemed irrelevant or not." *New World Network Ltd. v. M/V Norwegian Sea*, 2007 WL 1068124, at *4 (S.D. Fla. 2007). And, Defendant undoubtedly understands that, at least in this district, objections based on one's own perceived scope of relevance is not grounds to instruct a witness not to answer a question over which the witness has knowledge. The Court will entertain any dispute arising after the taking of the deposition, and subject to any request for relief under Rule 30(d)(3).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of November, 2019.

                                                         EDWIN G. TORRES
                                                        United States Magistrate Judge