# FLORIDA SHERIFFS ASSOCIATION
# LEGAL ALERT



## ICE DETAINERS

Two recent cases from federal courts call into question the validity of detaining inmates based solely upon a detention order of Immigration and Customs Enforcement, ("ICE") when no probable cause otherwise exists to support their seizure. In these cases, the courts ruled that ICE detainers are not mandatory and will not shield county jails from liability arising from the detention of an individual pursuant to an ICE detainer alone, without a warrant or deportation order.

The plaintiffs in both cases were detained under ICE detention orders, DHS Form I – 247, which indicated that an investigation had been initiated to determine whether they were subject to removal and deportation. The counties operating the jails were found liable based upon a finding of an unlawful seizure notwithstanding their compliance with a federal regulation, 8 CFR § 287.7, cited in Form I – 247 that provided apparent authority for the continued detention of the inmates.

In *Galarza v. Szalczyk*, no. 12-3991, 2014 WL 815127 (3d Cir. Mar. 4, 2014) the plaintiff (Galarza) had been arrested on a drug offense. Although a surety posted bail, Galarza was held because of an immigration detainer mistakenly describing Galarza as a suspected "alien" and a citizen of the Dominican Republic. He was released three days following his arrest when he was able to convince ICE officials that he was a United States citizen and not an illegal alien.

In *Miranda-Olivares v. Clackamas County*, Case No. 3:12-cv-12317-ST, 2014 WL 1414305 (D. Ore. April 11, 2014) the plaintiff had been arrested on a domestic violence restraining order. Bail was set at $5000, and although her family was able to pay the premium of $500 for her release, they were told by the jail staff that Miranda-Olivares could not be released because of a detainer. She pled to the offense and was sentenced to time served. However, because of the detainer she was delayed an additional 19 hours before being released to the custody of ICE agents.

In both cases, the courts held that there was no authority to detain either individual. Importantly, Form I – 247 was recognized as a notice issued to federal, state, or local law enforcement agencies informing them that ICE intends to assume custody of an illegal alien and *requesting* that an agency maintain custody of an individual. Due to the absence of probable cause, the courts held that neither Galarza nor Miranda-Olivares could be detained when they were otherwise lawfully entitled to be released.

As expected, the counties asserted defenses that they were relying upon the ICE retainers and the apparent authority of the federal government to require their detention. However, in each case, liability was established because the continued detention was unlawful.

As a result of these cases, sheriffs should be aware that any detention of an ICE detainee without probable cause may subject the sheriff's office to liability for an unlawful seizure. A suspect may be detained if Form I – 247 indicates that a warrant of arrest for removal proceedings has been served or that ICE has obtained an order of deportation or removal (see attached form). In either case, jail staff should

EXHIBIT
6 (Age)
12-11-2019  TnR

request a copy of the warrant or the order of deportation to determine that probable cause in fact exists for the continued detention.

It may also be helpful to give ICE notice when possible of the detention of a suspected illegal alien and the anticipated release date. Upon receipt of an ICE detainer, jail staff should contact an ICE office and notify their staff of the conditions under which a detainer will be honored and the approximate date, if known, when the inmate is expected to be released. This notice may provide ICE with an opportunity to meet the conditions required for detention or to respond to the jail to take custody of the inmate on or prior to the release date.

Questions concerning this legal alert should be directed to the Sheriff's legal advisor or may otherwise be directed to Wayne Evans, General Counsel for the FSA, at revans@anblaw.com, 850 561 3503.

365994

