UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-10279-Civ-WILLIAMS/TORRES

PETER SEAN BROWN,

        Plaintiff,

v.

RICHARD A. RAMSAY, in his official
capacity as Sheriff of Monroe County,

        Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO TRANSFER

This matter is before the Court on Richard A. Ramsay's ("Defendant") renewed motion to transfer venue. [D.E. 168]. Peter Sean Brown ("Plaintiff") responded to Defendant's motion on October 6, 2020 [D.E. 169] to which Defendant replied on October 13, 2020. [D.E. 170]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Defendant's renewed motion to transfer is **DENIED**.

## I. APPLICABLE PRINCIPLES AND LAW

Local Rule 3.1 of the Southern District of Florida provides that "actions and proceedings shall be tried in their country of origin." Civil proceedings "can be held at any Division within this District," and the decision is a discretionary one when deciding to transfer a case within the District. *See Reyes v. JA & M Developing Corp.,* 2012 WL 3562024 (S.D. Fla. Aug. 17, 2012) (citing Local Rule 3.1, S.D. Fla; 28 U.S.C. § 1404(b)). Courts in our district have looked to 28 U.S.C. § 1404(a) for guidance in transferring cases to different divisions. *See Joseph v. Liberty Nat. Life Ins. Co.,* 2008 WL 2026006 (S.D. Fla. May 9, 2008) (looking to 1404(a) and the nine *Manuel* factors when determining not to transfer venue from the Miami to West Palm Beach Division); *see also Reyes v. JA & M Developing Corp.,* 2012 WL 3562024 (S.D. Fla. Aug. 17, 2012) (looking to 1404(a) and the nine *Manuel* factors when determining not to transfer venue from the Fort Lauderdale to the Miami Division, stating if "venue is proper, a transfer to another district or division may still be available to the parties under 28 U.S.C. § 1404."). When venue is proper, the motion to transfer must be considered under § 1404, not § 1406(a). *See Story v. Purdy*, 2006 WL 2374841, at *4 n. 5 (S.D. Ala. Aug. 16, 2006).

Courts have the discretion to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other *division* or district where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). "This section is the statutory codification of the common law doctrine of forum non

2

conveniens." *Thermal Technologies, Inc. v. Dade Serv. Corp.,* 282 F. Supp. 2d 1373, 1375 (S.D. Fla. Aug. 22, 2003). The greater the plaintiff's connection to the forum that he or she has chosen, the more deference the plaintiff's chosen venue will receive. *See id.* However, less deference is given to a plaintiff's chosen venue when the selection is not Plaintiff's home forum. *See La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir. 1983). The movant bears the burden of persuading a court that transfer is appropriate and should be granted. *See Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978).

"Whether a transfer is appropriate depends on two inquiries: (1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.,* 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (citing *Miot v. Kechijian,* 830 F. Supp. 1460, 1465-66 (S.D. Fla. 1993) (denying a motion to transfer where above test was not met)). Under 28 U.S.C. § 1404(a) the standard for transfer leaves broad discretion to the trial court, and when a judge determines that transfer of venue is justified the ruling is overturned only for a clear abuse of discretion and there is a heavy presumption in favor of the district court judge. *See Del Monte Fresh Produce Co. v. Dole Food Co., Inc.,* 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (*citing Brown v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193, 1197 (11th Cir. 1991)).

The court considers the following factors when determining whether to transfer a case pursuant to section 1404(a):

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## II.     ANALYSIS

Plaintiff filed this case on December 3, 2018 [D.E. 1] alleging that Defendant unlawfully detained him at the Monroe County Detention Center pursuant to an Immigration and Customs Enforcement detainer and warrant. Plaintiff claims that Defendant is liable because he violated Plaintiff's Fourth Amendment rights with an unconstitutional seizure and that Defendant ran afoul of Florida law when Plaintiff was falsely imprisoned. On July 24, 2019, the Court entered an Amended Scheduling Order setting this case for a two-week trial beginning on April 13, 2020 at the Ferguson Federal Courthouse in Miami, Florida. [D.E. 77].

Defendant seeks to transfer this case to the Key West Division of the Southern District of Florida because none of the events relate to Miami-Dade County. On August 26, 2019, the undersigned denied Defendant's motion because the relief sought was premature. Specifically, the Court found that the case was still far from trial and that the deadline to file dispositive pre-trial motions was not until December 19, 2019. [D.E. 77]. The Court therefore denied Defendant's motion with leave to renew until after dispositive motions had been ruled upon and the trial date was within sight. *See Clemons v. Sunbeam Prod., Inc.*, 2013 WL

12075985, at *1 (S.D. Ill. Apr. 24, 2013) ("Defendant's motion is therefore premature. After dispositive motions have been ruled on and the trial date is within sight, defendant may file a new motion to transfer under § 1404(c).") (citing *Williams v. Rodriguez,* 2012 WL 6085267, at *1 (E.D. Cal. Sept. 12, 2012) (explaining that a motion for change of venue under § 1404(c) depends on whether the case goes to trial)).

    Since that time, Defendant has now renewed his motion to transfer because, although the Court has not disposed of the pending motions for summary judgment, this case is set for trial on January 19, 2021. [D.E. 167]. Defendant is concerned that, if he had not filed his renewed motion, the time to do so may have quickly expired because there are less than 120 days to go until trial. Defendant's motion is not without merit, because the docket reflects a fast-approaching trial date. The motion must be denied, however, for many of the same reasons. While there is currently a date set for trial in January 2021, that date will most likely need to be revisited given the ongoing coronavirus pandemic and the District's Administrative Orders. The motion is also premature because the Court has not yet ruled on the pending motions for summary judgment. If one or both of those motions is granted, the dispute over *where* to litigate this case could be entirely moot because it remains unclear whether this case will even go to trial. And even if the Court had ruled upon the pending motions for summary judgment, the time has not come for the parties to file their respective witness lists so that the Court can consider the inconvenience of the parties. Thus, the motion is premature for this additional

reason. *See, e.g., Nevada v. Bank of Am. Corp.*, 2011 WL 5190935, at *1 (D. Nev. Oct. 27, 2011) ("As for the inconvenience of the parties and witnesses at trial, there are not yet any witness lists for the Court to consider, and the motion is therefore premature in that regard."). Accordingly, Defendant's renewed motion to transfer is **DENIED** with leave to renew, if necessary, at a closer date to trial.[1]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's renewed motion to transfer [D.E. 168] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[1] We are mindful that Defendant wants to know sooner rather than later the location for trial so that he can prepare a robust defense against Plaintiff's allegations. But, at the same time, we cannot put the cart before the horse and rule upon hypotheticals that may never come to pass. Nothing, of course, precludes Defendant from re-filing his motion at a later date when the trial date is imminent and there has been a final disposition on the motions for summary judgment.